NUMBERS 13-08-00710-CR


 13-08-00711-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


JAMES ELIZALDE, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 319th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Benavides


Memorandum Opinion by Justice Garza



 In appellate cause number 13-08-00710-CR, appellant, James Elizalde, appeals his
conviction of unlawful possession of less than one gram of cocaine, a state-jail felony. See
Tex. Health & Safety Code Ann. § 481.115(a)-(b) (Vernon Supp. 2009). In appellate
cause number 13-08-00711-CR, Elizalde appeals his conviction of one count of aggravated
assault, a second-degree felony, and one count of retaliation, a third-degree felony. See
Tex. Penal Code Ann. §§ 22.02(a)(2), (b), 36.06(a)(2)(B), (c) (Vernon Supp. 2009). The
aggravated assault and retaliation counts were enhanced to a first-degree felony and a
second-degree felony, respectively, because Elizalde was convicted previously of felony
delivery of cocaine in 1992. See id. § 12.42(a)(3), (b) (Vernon Supp. 2009) (providing
punishment increases for habitual felony offenders).

 Elizalde pleaded guilty to the cocaine possession charge, and after a hearing, the
trial court found him guilty and sentenced him to two years' incarceration in the Institutional
Division of the Texas Department of Criminal Justice. Elizalde also pleaded guilty to the
aggravated assault and retaliation counts and pleaded "true" to the enhancement
paragraph contained in the underlying indictment. After a hearing, the trial court found
Elizalde guilty of the underlying offenses, concluded that he used a deadly weapon in
committing the aggravated assault and that the enhancement allegation was true, and
sentenced him to forty years' incarceration as to the aggravated assault count and twenty
years' incarceration as to the retaliation count. The trial court ordered the sentences
imposed in both cases to run concurrently, and because Elizalde's guilty pleas were made
without the benefit of a plea bargain, the trial court certified Elizalde's right to appeal in
both cases.

 On December 12, 2008, Elizalde filed motions for new trial in both cases, asserting
that he was entitled to a new trial on punishment because the sentences imposed were
"contrary to the law and the weight of the evidence." The trial court did not rule on either
of Elizalde's motions for new trial; thus, they were overruled by operation of law. See Tex.
R. App. P. 21.8(a), (c). This appeal followed. We affirm.


I. Anders Brief

 Pursuant to Anders v. California, 386 U.S. 738 (1967), Elizalde's court-appointed
appellate counsel has filed briefs with this Court stating that his review of the record yielded
no grounds of error upon which an appeal can be predicated. Counsel's briefs meet the
requirements of Anders as they present a professional evaluation demonstrating why there
are no arguable grounds for advancing an appeal. See In re Schulman, 252 S.W.3d 403,
407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an Anders brief need not
specifically advance 'arguable' points of error if counsel finds none, but it must provide
record references to the facts and procedural history and set out pertinent legal
authorities."); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), counsel has carefully discussed why, under controlling authority, there are no errors
in the trial court's judgment. Counsel has informed this Court that he has (1) examined the
record and has found no arguable grounds to advance on appeal, (2) served a copy of the
brief and counsel's motion to withdraw on appellant, and (3) informed appellant of his right
to review the record and to file a pro se response. (1) See Anders, 386 U.S. at 744; Stafford,
813 S.W.2d at 510 n.3. More than an adequate time has passed, and Elizalde has not
filed a pro se response. (2)

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the record and counsel's briefs and have found nothing
that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824, 827-28
(Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the opinion it
considered the issues raised in the brief and reviewed the record for reversible error but
found none, the court of appeals met the requirements of Texas Rule of Appellate
Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the judgments of
the trial court.

III. Motion to Withdraw

 In accordance with Anders, Elizalde's attorney has asked this Court for permission
to withdraw as counsel in both appellate cause numbers. See Anders, 386 U.S. at 744;
see also In re Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776,
779-80 (Tex. App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal
is frivolous, he must withdraw from representing the appellant. To withdraw from
representation, the appointed attorney must file a motion to withdraw accompanied by a
brief showing the appellate court that the appeal is frivolous") (citations omitted)). We
grant counsel's motion to withdraw. Within five days of the date of this opinion, counsel
is ordered to send a copy of the opinion and judgment to Elizalde and to advise Elizalde
of his right to file a petition for discretionary review. (3) See Tex. R. App. P. 48.4; see also In
re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim.
App. 2006).

 

 DORI CONTRERAS GARZA,

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).

Delivered and filed the

8th day of July, 2010.
1. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig.
proceeding) (quoting Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
2. On October 20, 2009, Elizalde filed a document entitled "Pro Se Brief." The following day, Elizalde
filed a "Motion to Disregard Unauthorized Appeal" in which he noted that "without authorization, a document
was mailed to this court and purported to be an appeal brief to be filed in this case" and asked us to "disregard
the unauthorized appeal in the interest of affording him the opportunity to draw a proper pro se brief." Also
on October 21, 2009, Elizalde filed a "Motion for Extension of Time to File Appellant's Pro Se Brief or
Response to Ander's [sic] Brief." We granted both motions, thereby vacating Elizalde's October 20, 2009 pro
se response and granting him until January 24, 2010 to file a redrawn pro se response. We granted two
additional motions for extension of time, giving Elizalde until June 17, 2010 to file a redrawn pro se response. 
No such response has been filed.
3. No substitute counsel will be appointed. Should appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3, 68.7. Any petition for
discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.